UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ELIZABETH GONZALEZ, TENYA GLENN, :
FRANCISCO JIMENEZ, JOHNNY MUNOZ, :
ANTONIO FIGUEROA, ERNEST PETTIGREW, :
GEOVANNI VENTURI, BRANDEN JONES, : **REPORT AND**
CARLOS TAYLOR, DAWSON PHILLIP, : **RECOMMENDATION**
THOMAS RODRIGUEZ, AMIR JEREZ, :
ITHELWILL TORRES and STEVEN MANON, : 21 Civ. 508 (LDH) (VMS)
:
Plaintiffs, :
:
-against- :
:
RED APPLE GROUP, INC., RED APPLE 86 :
FLEET PLACE DEVELOPMENT, LLC, RED :
APPLE 180 MYRTLE AVENUE :
DEVELOPMENT, LLC, RED APPLE 81 FLEET :
PLACE DEVELOPMENT, LLC, JOHN :
CATSIMATIDIS, SANDY LEWIS, TONY :
SHABANI, GREGG KRAVCHUCK, KEVIN :
FARRELL, CHARLES D'AMICO and HERALD :
GJOKA, :
:
Defendants. :
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiffs Elizabeth Gonzalez, Tenya Glenn, Francisco Jimenez, Johnny Munoz, Antonio Figueroa, Ernest Pettigrew, Geovanni Venturi, Branden Jones, Carlos Taylor, Dawson Phillip, Thomas Rodriguez, Amir Jerez, Ithelwill Torres and Steven Manon ("Plaintiffs") move to remand this action to state court. See ECF No. 16. Defendants Red Apple Group, Inc; Red Apple 86 Fleet Place Development, LLC; Red Apple 180 Myrtle Avenue Development, LLC; Red Apple 81 Fleet Place Development, LLC (collectively, "Red Apple Corporate Defendants"); John Catsimatidis; Sandy Lewis; Tony Shabani; Gregg Kravchuck; Kevin Farrell; Charles D'Amico and Herald Gjoka oppose. See ECF Nos. 26-27. Plaintiffs reply. See ECF No. 28. The Honorable LaShann DeArcy Hall referred the motion for report and recommendation. For

1

the reasons that follow, this Court respectfully recommends that the District Court grant Plaintiffs' motion to remand and remand this action to New York State Supreme Court, Kings County.

I.  **Factual And Procedural Background**

Plaintiffs first filed their action in New York State Supreme Court, Kings County (hereinafter "State Court Complaint"), alleging New York State and New York City causes of action against Red Apple Corporate Defendants, as well as United Workers of America Local 621 ("Local 621") and its president Stephen Sombrotto (collectively, "Local 621 Defendants"). See ECF No. 1-1. The causes of action in Plaintiffs' State Court Complaint alleged (i) race-based employment discrimination under the New York City Human Rights Law ("NYCHRL"), see N.Y.C. Admin. Code § 8-107, et seq.; (ii) race-based employment discrimination under the New York State Human Rights Law ("NYSHRL"), see N.Y. Exec. L. § 296, et seq.; (iii) a hostile work environment under the NYCHRL; (iv) a hostile work environment under the NYSHRL; (v) retaliation under the NYCHRL; (vi) retaliation under the NYSHRL; (vii) intentional infliction of emotional distress ("IIED"); (viii) employment agreement breach; (ix) union contract breach; (x) breach of duty of fair representation; (xi) unjust enrichment; (xii) wage and hour violations under the New York Labor Law ("NYLL"), see NYLL § 201, et seq.; (xiii) recordkeeping violations under the New York Wage Theft Prevention Act ("WTPA"), see NYLL § 195, et seq.; (xiv) negligent hiring, retention and supervision ("negligence"); (xv) conversion; and (xvi) the need for an accounting and distribution of pension funds. See id. In relevant summary, Plaintiffs' State Court Complaint alleged that their rights were violated in connection with their employment as concierges, handymen and porters at properties owned and/or managed by Red Apple Corporate Defendants, and that Local 621 Defendants' complicity

or complacency contributed to the violations.  See ECF No. 1-1, passim.

Defendants removed Plaintiffs' State Court Complaint to this Court pursuant to 28 U.S.C. § 1441.  See ECF No. 1 ¶ 8.  Defendants alleged that Defendant Local 621 was a labor organization and Red Apple Corporate Defendants were employers as defined by the National Labor Relations Act ("NLRA"), see 29 U.S.C. §§ 152(2), (6)-(7), and that Plaintiffs were members of Defendant Local 621.  See ECF No. 1 ¶¶ 4-6.  Defendants argued that the terms and conditions of Plaintiffs' employment with Red Apple Corporate Defendants were governed by a collective bargaining agreement ("CBA") with Defendant Local 621 such that original federal jurisdiction exists under the Labor-Management Relations Act ("LMRA"), see 29 U.S.C. § 185; the NLRA, see 29 U.S.C. § 151, et seq.; and the Employee Retirement Income Security Act of 1974 ("ERISA"), see 29 U.S.C. § 1001, et seq., because certain of Plaintiffs' allegations in the State Court Complaint arise under these laws of the United States.  See ECF No. 1 ¶¶ 7-8.

In addition to filing a motion to remand the action to state court with the Court's leave, Plaintiffs responded by filing a First Amended Complaint ("FAC") which removed Local 621 Defendants as parties as well as the allegations and causes of actions that Defendants had identified as arising under the LMRA, NLRA and ERISA.  See ECF Nos. 10-13; Dkt. Entry 3/1/2021; Dkt. Entry 3/8/2021; ECF Nos. 15-16.  Plaintiffs' FAC also added several Red Apple Corporate Defendants' executives, property superintendents and managers as Defendants, i.e., John Catsimatidis, Sandy Lewis, Tony Shabani, Gregg Kravchuck, Kevin Farrell, Charles D'Amico and Herald Gjoka (collectively, "Red Apple Individual Defendants," and together with Red Apple Corporate Defendants, "Red Apple Defendants").  See ECF No. 15, passim.  As a result, Plaintiffs' FAC—the now operative pleading—alleges only the following ten causes of action against Red Apple Defendants, and none against the former Local 621 Defendants: (i)

race-based discrimination under the NYCHRL; (ii) race-based discrimination under the NYSHRL; (iii) hostile work environment under the NYCHRL; (iv) hostile work environment under the NYSHRL; (v) retaliation under the NYCHRL; (vi) retaliation under the NYSHRL; (vii) IIED; (viii) NYLL wage-and-hour violations; (ix) WTPA recordkeeping violations; and (x) negligence.  See id.  Red Apple Defendants filed their opposition to Plaintiffs' remand motion, see ECF Nos. 26-27, and Plaintiffs replied, see ECF No. 28.

## II. Motion To Remand

### a. Legal Standard

Federal courts have original jurisdiction over actions arising under federal law.  See 28 U.S.C. § 1331.  Actions brought in state court may be removed to federal court on the basis of such subject matter jurisdiction.  28 U.S.C. § 1441.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

"'[T]he presence or absence of subject matter jurisdiction is determined based on the complaint in effect at the time of removal' . . . ."  Pac. Legwear, Inc. v. Sizemore, No. 16 Civ. 2064 (JMF), 2016 WL 2766664, at *2 (S.D.N.Y. May 11, 2016) (quoting Gan v. Hillside Ave. Assocs., No. 01 Civ. 8457 (AGS), 2001 WL 1505988, at *2 (S.D.N.Y. Nov. 26, 2001)) (further citations omitted).  Upon removal, the court acquires supplemental jurisdiction over any state claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Thus, "a post-removal amendment of the complaint 'that deletes all federal claims, leaving only pendent state claims, does not divest the district court of its properly triggered subject matter jurisdiction.'"  Sizemore, 2016 WL 2766664, at *2 (citations &

4

emphasis omitted). Rather, "when plaintiffs drop their federal claims, federal courts have the discretion to determine whether to remand the state claims or to retain the supplemental jurisdiction that was acquired at the time of removal under 28 U.S.C. § 1367." Spehar v. Fuchs, No. 02 Civ. 9352 (CM), 2003 WL 23353308, at *7 (S.D.N.Y. June 18, 2003) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

In making that determination, district courts balance the values of judicial economy, convenience, fairness and comity. See Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006) (citing Cohill, 484 U.S. at 350 n.7). They also consider whether the party seeking remand engaged in forum manipulation. See Spehar, 2003 WL 23353308, at *7-8; Payne v. Parkchester N. Condominiums, 134 F. Supp. 2d 582, 586 (S.D.N.Y. 2001) (denying motion to remand and finding the plaintiff's proposed amendment to complaint manipulative where the original complaint expressly alleged violations of federal constitutional rights and the plaintiff waited seven months to move to amend and remand after the plaintiff pursued discovery under the Federal Rules of Civil Procedure and after being "threatened with potential motions to compel and for summary judgment"). "[C]ourts generally grant motions to remand where, as here, a plaintiff has voluntarily dismissed his federal claims prior to the start of discovery, even when his manifest purpose in doing so is to defeat federal jurisdiction." Nix v. Off. of Comm'r of Baseball, No. 17 Civ. 1241 (RJS), 2017 WL 2889503, at *4 (S.D.N.Y. July 6, 2017) (internal quotations omitted) (collecting cases); accord MHS Cap. v. Goggin, No. 16 Civ. 1794 (VM), 2016 WL 3522198, at *4-5 (S.D.N.Y. June 13, 2016) ("As numerous other decisions have noted, though, it is not manipulative for Plaintiffs to seek to bring claims in state court by asserting only state claims, legitimately avoiding diversity jurisdiction, or dropping a party that has asserted a federal defense.") (collecting cases); Singh v. Prudential Ins. Co. of Am., 200 F.

Supp. 2d 193, 199 (E.D.N.Y. 2002) ("there is no per se prohibition against dropping federal claims in order to avoid federal jurisdiction") (citing Cohill, 484 U.S. at 357); Certilman v. Becker, 807 F. Supp. 307, 310 (S.D.N.Y. 1992) ("The pleadings were amended early in the litigation with no prejudice to defendants, and a remand to state court would merely effectuate plaintiffs' original choice of a state forum. In such a case, the federal courts' traditional aversion to forum-shopping is not substantially implicated.").

"[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims . . . ." Tops Mkts., Inc. v. Quality Mkts., Inc., 142 F.3d 90, 103 (2d Cir. 1998) (citing Cohill, 484 U.S. at 350). This general rule is "well settled." Klein & Co. Futures, 464 F.3d at 262; accord Utica Mut. Ins. Co. v. Am. Re-Ins. Co., No. 14 Civ. 1558 (MAD) (TWD), 2015 WL 1897155, at *3 (N.D.N.Y. Apr. 27, 2015) ("Although there is a presumption that the court has jurisdiction when the matter is brought in federal court in the first instance, '[a] defendant removing a case to federal court encounters instead the general principle that removal is disfavored and remand favored.'" (quoting Pollock v. Trustmark Ins. Co., 367 F. Supp. 2d 293, 296-97 (E.D.N.Y. 2005)).

When considering a motion to remand, "the default rule is that federal courts should not decide related state-law claims unless there is good reason for doing so." Cohen v. Postal Holdings, LLC, 873 F.3d 394, 404 (2d Cir. 2017) (Calabresi, J., concurring) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)). "This means that when a request for remand has been made after all federal claims have been dismissed, a district court must have truly strong reasons to exercise supplemental jurisdiction over any state-law claims." Id. at 405. The earlier the stage at which the federal claims are eliminated, the more the factors of judicial

economy, convenience, fairness and comity weigh towards remanding the matter "to the state court from which it was removed." See Valencia ex rel. Franco v. Lee, 316 F.3d 299, 300-01 (2d Cir. 2003) (ordering the district court to "remand the action to the state court from which it was removed" because (among other reasons) "the federal claims asserted by plaintiffs were abandoned at a relatively early stage of this case"); Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 119 (2d Cir. 2006) (agreeing with plaintiff's argument "that the district court should not have exercised supplemental jurisdiction over these state-law claims after all claims supporting original jurisdiction had been dismissed at a very early stage in the proceedings"); Cohill, 484 U.S. at 350 n.7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

### b. Operative Complaint

Red Apple Defendants argue that "this Court must analyze the [State Court] Complaint to determine whether remand is proper." ECF No. 27 at 5 (emphasis omitted). This is correct, although, not in precisely the way that Red Apple Defendants argue for in their opposition. Red Apple Defendants argue that because certain allegations and causes of action in the State Court Complaint are preempted by federal law, and because this Court retains jurisdiction regardless of whether such claims are dropped by the filing of an amended complaint post-removal, this is sufficient to deny Plaintiffs' motion to remand. Red Apple Defendants therefore devote most of their briefing to arguing that certain of the claims in the State Court Complaint are preempted by federal law.

To be clear, the parties do not dispute that subject matter jurisdiction stems from the

7

complaint at the time of removal, and that a district court is not automatically divested of jurisdiction with the filing of a post-removal amended complaint that abandons the claims that formed the basis for removal. See ECF No. 16 at 4-5, 7 n.4; ECF No. 27 at 4-5; ECF No. 28 at 1-2. Here, the State Court Complaint was properly removed to federal court. The State Court Complaint included a cause of action for "Breach of Duty of Fair Representation" against the Local 621 Defendants, and while Plaintiffs did not reference any statutory authority for this claim, the alleged wrongs state a claim under the NLRA. See ECF No. 1-1 ¶¶ 127-129; Vaca v. Sipes, 386 U.S. 171, 177 (1967) (complaint alleging union breached duty of fair representation governed by federal law); Walsh v. Int'l Bhd. of Elec. Workers (I.B.E.W.) Local 503, 62 F. Supp. 3d 300, 303 (S.D.N.Y. 2014) (NLRA fair duty of representation applies to enforcement and administration of collective bargaining agreement, and arbitrary, discriminatory or bad faith enforcement breach this duty); Morris v. Local 819, Int'l Bhd. of Teamsters, 954 F. Supp. 573, 577 (E.D.N.Y. 1997) (evaluating NLRA breach of fair duty of representation claim based on allegations union failed to arbitrate the plaintiff's grievances), aff'd, 169 F.3d 782 (2d Cir. 1999).[1] Given that the State Court Complaint alleges at least one federal claim, the Court need not analyze the additional allegations and claims that Red Apple Defendants argue arise under federal law to determine that removal was proper here. Plaintiffs do not contest removal of the State Court Complaint in their motion to remand.

What Red Apple Defendants do not adequately appreciate is that the question before the Court now, given the filing of the FAC that removes the allegations that formed the basis for

---

[1] It may be that other aspects of Plaintiffs' claims in the State Court Complaint, such as the Local 621 Defendants allegedly permitting management to engage in racial discrimination, constitute a state law claim that may not be preempted. See Figueroa v. Foster, 864 F.3d 222, 236 (2d Cir. 2017) (holding that "the NLRA's duty of fair representation does not preempt NYSHRL either on the basis of field preemption or as a general matter on the basis of conflict preemption").

8

removal and original federal jurisdiction, is whether the Court should exercise its discretion to remand the case despite the fact this case could properly remain in federal court? Such inquiry requires the Court to balance certain factors—judicial economy, convenience, fairness, comity and forum manipulation. While the FAC is the operative complaint,[2] the Court also analyzes the State Court Complaint to the extent relevant to the aforementioned factors, as discussed below.

### c. Forum Manipulation

The Court begins with consideration of the factor most vigorously argued by Red Apple Defendants in support of the Court's exercise of supplemental jurisdiction. Red Apple Defendants argue that Plaintiffs' filing of the FAC is nothing but a "blatant exercise in forum shopping" because Plaintiffs filed it simultaneously with their motion to remand, and the FAC removed the claims and allegations that arise under federal law. See ECF No. 27 at 2-3. Red Apple Defendants take issue with Plaintiffs' representation that they made a tactical decision to prioritize their preferred forum over maintaining any federal claims, and they argue that the Supreme Court and Court of Appeals "prohibit this kind of gamesmanship." See id. at 11.

The Court notes at the outset that any such alleged forum manipulation by Plaintiffs is not the removal death knell that Red Apple Defendants claim it to be. The full passage regarding forum manipulation in Carnegie-Mellon University v. Cohill, a case upon which Red Apple Defendants rely, is instructive here:

> Petitioners' concern appears to be that a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case. <u>This concern, however, hardly justifies a categorical prohibition on the remand of cases involving state-law claims regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case.</u> A

---

[2] See, e.g., Sleppin v. Thinkscan.com, LLC, 55 F. Supp. 3d 366, 372-74, 381 (E.D.N.Y. 2014) (treating post-removal amended complaint as operative for remand motion and declining to exercise supplemental jurisdiction); Spehar, 2003 WL 23353308, at *9-11 (same).

9

> district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. <u>If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.</u> The district courts thus can guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendent state-law claims.

484 U.S. at 357 (emphasis added). Forum manipulation is but one of multiple factors a district court should take into consideration when deciding a motion to remand like the present one.

First, Plaintiffs did not intentionally plead federal claims in the State Court Complaint. Their claims in the State Court Complaint were primarily New York State and New York City law claims. See ECF No. 1-1. The allegations that Red Apple Defendants argue give rise to claims under federal law relate to the former Local 621 Defendants, union activity and their pension plan. See ECF No. 27 at 5-11. Plaintiffs accurately allege that those allegations were a small portion of the State Court Complaint that otherwise primarily raised state law claims of racial discrimination, harassment and workplace retaliation. See ECF No. 16 at 17. Plaintiffs also argue that if they were to pursue federal causes of action under the NLRA, LMRA or ERISA, those claims should be tried separately because they do not arise out of the same transaction or occurrence, would require different evidence and witnesses, and confusion and delay would result from joint litigation. See ECF No. 16-2 at 17; Fed R. Civ. P. 21.

Second, Plaintiffs filed the FAC "to ensure there were no potential federal claims alleged." See ECF No. 16-1 ¶ 10; ECF No. 28 at 1 n.1. The Court declines to find this to be the kind of "forum manipulation" that would tip the scale in favor of keeping this case in federal court. See Payne, 134 F. Supp. 2d at 586 ("The most innocent request to strike federal claims materializes when a plaintiff did not initially realize that his complaint would be construed as containing federal subject matter."); Certilman, 807 F. Supp. at 309-10 ("[T]he court is not convinced that merely omitting a federal-law claim from an amended complaint, as occurred in

10

Cohill itself, is a sufficient basis not to grant an otherwise proper remand to state court."); accord MHS Cap., 2016 WL 3522198, at *4-5 ("As numerous other decisions have noted, though, it is not manipulative for Plaintiffs to seek to bring claims in state court by asserting only state claims, legitimately avoiding diversity jurisdiction, or dropping a party that has asserted a federal defense.") (collecting cases); Singh, 200 F. Supp. 2d at 199 ("there is no per se prohibition against dropping federal claims in order to avoid federal jurisdiction").

Third, the cases that Red Apple Defendants cite are distinguishable. For example, in Luby's Fuddruckers Restaurants, LLC v. Visa Inc., the plaintiff commenced an action in Texas state court alleging violations of the Texas Free Enterprise and Antitrust Act of 1983, stating that the plaintiff was harmed by "competitive restraints" that resulted in "supracompetitive interchange fees." 342 F. Supp. 3d 306, 309 (E.D.N.Y. 2018). At issue in Luby's, the Edge Act, 12 U.S.C. § 611, et seq., provides for removal to federal court of qualifying claims arising out of foreign transactions otherwise filed in state court, and the court found the conduct of which plaintiff complained necessarily implicated foreign transactions. See Luby's, 342 F. Supp. 3d at 314, 319. The plaintiff then filed an amended complaint that did not remove any claims, but "expressly disclaim[ed] any interchange fees stemming from the use of foreign-issued cards" and argued that the court "should find that the Edge Act is not implicated and remand the case to state court." See id. at 319. The court declined to remand the case, stating that "Plaintiff cannot defeat the Court's jurisdiction by its attempt in the Amended Complaint to plead around the Edge Act removal provision" because "Plaintiff d[id] not offer any other reason for amending the Complaint other than its attempt to strip the Court of its jurisdiction pursuant to the Edge Act." See id. at 320. Here, as mentioned above, Plaintiffs offered other reasons for dropping from the FAC the allegations and claims arising under federal law other than Plaintiffs' preference for

11

bringing this case in state court: that those federal issues were an insignificant part of the State Court Complaint and keeping them along with Plaintiffs' racial discrimination, harassment and retaliation workplace claims would lead to judicial inefficiencies that the Federal Rules of Civil Procedure seek to avoid. See ECF No. 16-2 at 17. Plaintiffs in the present case deleted the union-related allegations and claims, as well as the Local 621 Defendants from the FAC entirely, and are not attempting to remand the allegations and claims to state court at all, as opposed to the Luby's plaintiff's attempt to merely circumscribe the type of damages in order to obtain remand of the case.

Red Apple Defendants also point to the Second Circuit's affirmance in In Touch Concepts, Inc. v. Cellco Partnership of the District Court's decision to retain jurisdiction over a case in which all federal claims were removed upon the filing of an amended complaint in order to dismiss the amended complaint on the merits. 788 F.3d 98, 99-100 (2d Cir. 2015). This is hardly inconsistent with Plaintiffs' position. At most, In Touch Concepts demonstrates that a federal court can decide not to exercise its discretion to remand a case to state court, for the purposes of judicial efficiency, after the claims upon which removal was based are abandoned. In the same vein, Red Apple Defendants' citation to Hoechstetter v. Columbia University, No. 19 Civ. 2978 (ALC), 2020 WL 905738 (S.D.N.Y. Feb. 25, 2020), does not move the needle; this case simply finds that an amended complaint does not divest a federal court of removal jurisdiction, but it does not discuss whether a federal court should exercise its discretion to remand such a case. The two out-of-circuit cases referenced by Red Apple Defendants—Boelens v. Redman Homes, Inc., 759 F.2d 504 (5th Cir. 1985), and Loehn v. Lumber Liquidators, Inc., No. 15 Civ. 1088, 2016 WL 722002 (E.D. La. Feb. 24, 2016)—are equally unhelpful. Boelens concerns the filing of an amended complaint in a case initially filed in

federal, not state, court. Loehn, similar to Hoechstetter, finds an amended complaint does not divest a federal court of removal jurisdiction, without analyzing whether the court should exercise its discretion to remand the case.

In conclusion, I find that the alleged forum manipulation here does not rise to such a level warranting recommending that the District Court decline to exercise its discretion to remand this case to state court. I therefore turn to the remainder of the remand factors.

### d. Balance Of Judicial Economy, Convenience, Fairness And Comity

The Court turns to balancing the values of judicial economy, convenience, fairness and comity in deciding whether to grant Plaintiffs' motion to remand. See Klein & Co. Futures, 464 F.3d at 262 (citing Cohill, 484 U.S. at 350 n.7). The balance of factors generally favors declining to exercise supplemental jurisdiction over remaining state law claims when all federal claims are eliminated in the early stages of litigation. See Tops Mkts., 142 F.3d at 103 (citing Cohill, 484 U.S. at 350). Plaintiffs filed the FAC as of right and early in the litigation prior to Red Apple Defendants filing an answer or filing a motion to dismiss, and prior to any discovery. This weighs in favor of remand, as this Court has little investment in continuing to manage this case, and Red Apple Defendants will not be prejudiced "by having to face trial in state court" instead. See Nix, 2017 WL 2889503, at *3-4; Manginelli v. Homeward Residential, Inc., No. 13 Civ. 2334 (SJF) (AKT), 2013 WL 6493505, at *7 (E.D.N.Y. Dec. 9, 2013) (declining to exercise supplemental jurisdiction over remaining state law claims where federal claims were withdrawn prior to any court appearance, dispositive motion or discovery); Arthur Glick Truck Sales, Inc. v. H.O. Penn Mach. Co., 332 F. Supp. 2d 584, 586 (S.D.N.Y. 2004) (remanding case where these plaintiffs "abandoned their sole federal claim before the Court decided . . . motions for a preliminary injunction and to dismiss"); Spehar, 2003 WL 23353308, at *11 (granting motion for

remand where the plaintiffs' amended complaint disposed of their federal claim prior to the defendant's answer, discovery or ruling on substantive motions).

As this case is now entirely one with state law claims, this Court lacks an obvious legal interest in keeping this case. See Republic of Iraq v. ABB AG, 768 F.3d 145, 172 (2d Cir. 2014) (affirming remand because appellant "identifies no uniquely federal interest in the rules of decision to be applied, nor any conflict between a federal policy or interest and the use of state law"); see also Nealy v. Berger, No. 08 Civ. 1322 (JFB) (AKT), 2009 WL 704804, at *10 (E.D.N.Y. Mar. 16, 2009) ("[N]o exceptional circumstances exist in this case for the Court to decide these state law claims, and interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain these matters of state law in this case.").

As a last factor, comity supports remand here because all of the claims in the FAC fall under New York State law, New York City law, or New York common law. See Klein & Co. Futures, 464 F.3d at 263 n.5 ("Comity and fairness also favor [remand], as it will procure for the parties 'a surer-footed reading of applicable law' with regard to the eight remaining state law claims." (quoting Gibbs, 383 U.S. at 726)). In particular, the claims for racial discrimination, hostile work environment, and retaliation fall under the NYCHRL and the NYSHRL. Although Plaintiffs do not argue that their NYCHRL and NYSHRL claims raise novel or unsettled issues of law, the Second Circuit has advised that a district court may consider whether an area of law would benefit from further development in state courts in deciding to remand. See Kolenovic v. ABM Indus. Inc., 361 Fed. App'x 246, 248 (2d Cir. 2010). Given the relatively recent amendments to the NYSHRL relating to discrimination, see 2019 NY State Senate Bill S6577, this case may raise issues of law requiring development of New York law. I find this weighs in

favor of remand. See Cohen, 873 F.3d at 404-05 (the Second Circuit "takes a very strong position that state issues should be decided by state courts"); accord Valencia, 316 F.3d at 300-01 (holding that the District Court abused its discretion in deciding state law claims, one of which raised unsettled questions of New York law, "[b]ecause the federal claims asserted by the plaintiffs were abandoned at a relatively early stage . . . the district court should not have exercised supplemental jurisdiction over the state-law claims").

The interests of judicial economy, convenience, fairness and comity weigh in favor of remanding this case to state court.

### III. Conclusion

For the foregoing reasons, this Court respectfully recommends that the District Court grant Plaintiffs' motion to remand and remand this action to New York State Supreme Court, Kings County.

### IV. Objections

A copy of this report and recommendation is being provided to all counsel via ECF. Any written objections must be filed with the Clerk of the Court within fourteen (14) days of the filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14)-day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to

15

appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." (citations omitted)).

Dated:  Brooklyn, New York
        February 5, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge